UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| VELOCITY PATENT LLC, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-cv-8413 |
| | ) | |
| MERCEDES-BENZ USA, LLC and | ) | Judge John W. Darrah |
| MERCEDES-BENZ U.S. | ) | |
| INTERNATIONAL INC., | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM OPINION AND ORDER

Velocity owns U.S. Patent No. 5,954,781 ("the ′781 patent"). On November 21, 2014, Velocity filed the instant action against Mercedes-Benz, alleging infringement of the ′781 patent. On the same day, Velocity filed separate actions in this district against Defendants BMW of North America, LLC and BMW Manufacturing Co., LLC (collectively, "BMW"); Audi of America, Inc. ("Audi"); Chrysler Group, LLC ("Chrysler"); and Jaguar Land Rover North America, LLC ("Jaguar"), alleging infringement of the same patent at issue in the Mercedes-Benz litigation. Pursuant to Local Rule 40.1, each of the suits was randomly assigned. On December 30, 2013, Velocity moved to reassign all cases to Judge Darrah, pursuant to Local Rule 40.4. On January 7, 2014, Velocity's motion was granted with respect to the cases against Chrysler and Jaguar, and a briefing schedule was set to allow BMW and Audi to respond. On January 23, 2014, BMW responded without objection to reassignment. Audi, in

No. 13-cv-8418, persists in its opposition to Velocity's Motion to Reassign. For the reasons set forth below, the Motion is granted.

## LEGAL STANDARD

Random assignment of cases is the normal process within the Northern District of Illinois. Local Rule 40.1. However, Local Rule 40.4 provides for cases to be reassigned to a particular court. Such reassignment requires two showings.

First, the moving party must establish the cases are related. This is achieved by showing one or more of the following conditions are met: (1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class action suits, one or more of the classes involved in the cases is or are the same. L.R. 40.4(a).

If related, a case may be reassigned to the calendar of a judge hearing an earlier-numbered case only if (1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to substantially delay the proceedings in the earlier case; and (4) the cases are susceptible of disposition in a single proceeding. L.R. 40.4(b).

## ANALYSIS

Velocity argues that the Audi case is related to the Mercedes-Benz case because both allege infringement of the '781 patent. (Pl.'s Mot. to Reassign at 2.) Alleging infringement of a single patent is not, on its own, enough to establish relatedness.

*Helferich Patent Licensing v. New York Times Co.*, No. 10-cv-04387, 2012 WL 1368193, at *2 (N.D. Ill. April 19, 2012) (citing *Global Patent Holdings, L.L.C. v. Green Bay Packers, Inc.*, No. 00 C 4623, 2008 WL 1848142, at *3 (N.D. Ill. April 23, 2008)).  However, Velocity alleges more:  that the nature of the alleged infringement will likely result in "common factual and legal issues relating to claim construction and the scope and content of prior art."  (Pl.'s Mot. to Reassign at 2.)  Velocity contends this allegation satisfies the condition that "the cases involve some of the same issues of fact or law."  Audi does not argue this point.

Rather, Audi argues first that Velocity has not demonstrated that reassignment would result in a substantial saving of judicial time and effort.  Specifically, Audi argues that, because each of the Defendants is an "unrelated competitor in the automotive industry and sell[s] different, unrelated consumer automotive products," that "each lawsuit will present at least different claim construction, non-infringement, and damage issues . . . ."  (Def.'s Resp. at 4-5.)  Yet, the mere existence of differences between cases does not preclude substantial savings.  "Patent cases often require a significant investment of the Court's time due to the potentially complicated nature of the subject matter underlying the litigation."  *21 srl v. Enable Holdings, Inc.*, No. 09 C 3667, 2009 WL 4884177, at *2 (N.D. Ill. Dec. 9, 2009).  Although it is true that claim construction "takes place in the context of a specific accused infringing device or process," this context simply enriches the court's ability to properly construe the claim.  *Wilson Sporting Goods Co. v. Hillerich & Bradsby Co.*, 442 F.3d 1322, 1326-27 (Fed. Cir. 2006).  Indeed, "claims may not be construed with reference to the accused device."

*Id.* at 1330.  By avoiding claim construction in multiple courts, substantial judicial time and effort can be achieved by reassignment.

Audi also argues that the requirement that the cases "be susceptible of disposition in a single proceeding" has not been met.  (Def.'s Resp. at 5.)  This argument's basis echoes that of Audi's argument against judicial savings:  that Audi is a separate company with its own product at issue.  But this fact is not dispositive of an inability to dispose of two cases in a single proceeding.  *Pactiv Corp. v. Multisorb Technologies, Inc.*, No. 10 C 461, 2011 WL 686813, at *5 (N.D. Ill. Feb. 15, 2011.)  "Rather, the issue is whether both actions involve fundamentally similar claims and defenses that will likely be amendable to dispositive treatment in unified proceedings, whether in claim construction, summary judgment or trial."  *Id.* (citations and quotation marks omitted).  Velocity has alleged an infringement of the '781 patent that is likely to feature similar issues in each of the cases.  This is not to say that the cases *will* be disposed of at the same time, but only that they are *susceptible*.  This has been shown here.

**CONCLUSION**

For all of the foregoing reasons, the Audi case and the Mercedes-Benz case are deemed related, and all conditions of reassignment required by Local Rule 40.4(b) are met. Velocity's Motion to Reassign is granted. Case No. 1:13-cv-8416, *Velocity Patent LLC v. BMW of North America, LLC*; Case No. 1:13-cv-8418, *Velocity Patent LLC v. Audi of America, Inc.*; Case No. 1:13-cv-8419, *Velocity Patent LLC v. Chrysler Group, LLC*; and Case No. 1:13-cv-8421, *Velocity Patent LLC v. Jaguar Land Rover North America, LLC*, are reassigned to Judge Darrah.

Date: 4/24/2014

JOHN W. DARRAH
United States District Court Judge